# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JOANN HUFFMAN, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-1964 |
| | § | |
| CITY OF CONROE, TEXAS, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Strike Plaintiff's Fourth Supplemental Disclosures [Doc. # 94].[1] Plaintiff has responded in opposition [Doc. # 99]. Defendant requests that the Court strike Huffman's designation "Defendant received" on July 3, 2008, of two fact witnesses, former Fire Chief Bland Ellen and private citizen Kenny Smith, because these individuals were not identified timely in Plaintiff's Rule 26(a) disclosures or any supplements pursuant to Rule 26(e)(1) during the discovery period in this case.

Rule 26(e)(1) provides:

*In General.* A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response:

---

[1] Defendant filed the pending motion September 10, 2008.

> (A)   in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, **and** if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; . . ..

(Emphasis added.)

Federal Rule of Civil Procedure 37(c)(1) provides that a party cannot use witnesses "on a motion, at a hearing, or at a trial" if those witnesses have not been disclosed pursuant to Rule 26(a) or (e), unless the failure was substantially justified or is harmless. *See Primrose Operating Co. V. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004); *Paulsen v. State Farm Ins. Co.*, 2008 WL 449783, at *2 (E.D. La. Feb. 15, 2008) (citing *Tex A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 401–02 (5th Cir. 2003). In order to determine whether a violation of Rule 26 is harmless or substantially justified, the district court should consider four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M*, 338 F.3d at 402; *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998).

The discovery deadline in this case, as extended by the Court, was July 2, 2008, except for specified matters that the Court permitted thereafter. Motions currently are to be filed no later than October 15, 2008, and docket call is January 15, 2009.[2]

---

[2]   Defendant was required to make additional document production by July 15, 2008; (continued...)

***Bland Ellen.*** – Plaintiff argues that the disclosure of former Fire Chief Bland Ellen was timely when made in open court on July 2, 2008, during a discovery conference, and in writing in a document received by Defendant on July 3, 2008.  In any event, Plaintiff urges the Court not to strike that designation and thus preclude Ellen from testifying in this case.  Defendant contends that Ellen should be stricken from Plaintiff's disclosures because he does not have relevant information, such as information about the views of the person who recommended termination of Plaintiff's employment, current City of Conroe Fire Chief Kreger, or Chief Kreger's investigation into Plaintiff's conduct.  Defendant also urges that it will suffer significant prejudice from the late designation.  Defendant argues that there already has been extensive discovery in this case; that the new disclosure is a genuine surprise; that addition of Ellen as a potential witness will require Defendant to conduct additional discovery; and that the matter already has been exceedingly expensive to litigate.

After considering the *Texas A&M* factors, the Court finds that Plaintiff's belated formal disclosure of Ellen was essentially harmless under the circumstances

---

[2]  (...continued)
Defendant was permitted to provide new expert reports by July 31, 2008; identified fact depositions were to be completed by August 8, 2008; and any expert depositions Plaintiff sought were to be completed by August 15, 2008.  Plaintiff also was to provide damage calculations by August 18, 2008 for settlement purposes.  The parties' joint pretrial order is due January 8, 2008, a week before the docket call.

presented. First, Plaintiff explains that her failure to disclose Ellen before July 2 as a person that she may call as a witness was a clerical oversight. Defendant does not challenge this explanation.

Plaintiff convincingly demonstrates that the absence of Ellen on her Rule 26 disclosure list is essentially harmless because Defendant has known for at least six months about Ellen's knowledge regarding Plaintiff's work, about Fire Department practices, and about certain alleged comments about Plaintiff made by Conroe officials. These matters were the subject of deposition questions by Plaintiff's counsel (and, in at least one deposition, the subject of questions by defense counsel) in March and April 2008, well within the discovery period. Plaintiff thus—in effect—made the necessary disclosure six months ago in the Spring of 2008. *See* Advisory Committee Notes to 1993 Amendment to FED. R. CIV. P. 26(e) ("There is . . . no obligation to provide supplemental or corrective information that has been otherwise made known to the parties . . . during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition . . . "); *see Hooker v. Fulton Co., Ga.*, 2006 WL 2617142, at *3–*4 (N.D. Ga. Sept. 12, 2006); *see also* 8 WRIGHT & MILLER, FED. PRAC. & PROC. § 2049.[3]

---

[3] Indeed, it appears that Ellen was the subject of Plaintiff's testimony before the Texas Workforce Commission hearings on Plaintiff's unemployment benefits in August 2006. Further, the Court believes that Plaintiff in the instant suit discussed Ellen's knowledge and
(continued...)

Plaintiff also has made a sufficient showing that Ellen has potentially relevant testimony that may support her claim of discrimination tied to her termination. Chief Kreger recommended termination of Plaintiff's employment relatively shortly after assuming his duties for Defendant. Plaintiff contends that Chief Kreger's explanation that he believed she engaged in serious misconduct is pretext for discrimination in light of longstanding Fire Department practices. Ellen apparently can explain the Conroe Fire Department's demolition and purchasing practices prior to Chief Kreger's arrival, among other Department practices. Plaintiff also states that Ellen can testify to potentially pertinent comments about Plaintiff by the Conroe Mayor and/or City Administrator.

To the extent Defendant believes it has suffered surprise or prejudice because of Ellen's addition to Plaintiff's disclosure list, Defendant may cure these problems by taking Ellen's deposition.[4] Although Defendant indicates it does not want to go to this expense and does not have time to prepare and take the deposition (and do other potentially necessary discovery) in light of the impending summary judgment motion deadline, the Court **GRANTS** Defendant the right to depose Ellen, if it chooses. Ellen is required to present himself for deposition at Defendant's offices on

---

[3]  (...continued)
conduct during discovery conferences prior to July 2, 2008, when he again was discussed.

[4]  Plaintiff must bear the cost of the deposition, should Defendant avail itself of this right.

**five business days' notice,** at Defendant's request.  Further, upon Defendant's request, the Court will **extend** the motions deadline and permit Defendant to take additional discovery.  Accordingly, Defendant's Motion to Strike Bland Ellen from Plaintiff's Rule 26 disclosures is **DENIED**.

*Kenny Smith.* – Plaintiff also seeks to add a third party witness, Kenny Smith, to her Rule 26 disclosures as a person with experience in the City's purchasing policies.  Plaintiff does not explain when she learned of the existence of Smith or why he was not disclosed as a potential witness earlier.  She argues she disclosed his name when she decided that she "may" subpoena him as a witness.  There is no dispute that Smith's name did not surface during discovery and was not disclosed to Defendant in any way prior to July 3, 2008.  Plaintiff has not met her burden to show under the *Texas A&M* factors that the July 3 disclosure of Kenny Smith was harmless or substantially justified.  Plaintiff's addition of Kenny Smith to her Rule 26 disclosures is **STRICKEN**.

It is **SO ORDERED**.

SIGNED at Houston, Texas, this **26th** day of **September, 2008**.

Nancy F. Atlas
United States District Judge